NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JHONATAN REYES-CASTILLO, Petitioner, v. ROBERT M. WILKINSON, Acting Attorney General, Respondent. | No. 19-70021 Agency No. A206-917-843 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021**
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Jhonatan Reyes-Castillo petitions for review of an order by the Board of

Immigration Appeals (BIA) dismissing his appeal from a denial of his applications

for asylum, withholding of removal, and relief under the Convention Against

Torture. As the facts are known to the parties, we repeat them only as necessary.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

I

Substantial evidence supports the BIA's determination that Reyes-Castillo did not show that he was or will be persecuted based on a political opinion. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A). Reyes-Castillo does not argue that he was persecuted based on any actual political opinion that he held, so the question is whether the record compels the conclusion that his alleged persecutors "attributed a political opinion" to Reyes-Castillo and "acted upon the attribution." *Cruz-Navarro v. INS*, 232 F.3d 1024, 1030 (9th Cir. 2000) (internal quotation marks omitted).

The record shows no imputed political opinion—only that the Sendero Luminoso attackers called Reyes-Castillo a "snitch" or "informant" and that he encountered a dead dog with a note that read, "You rat informant, you're going to die." Reyes-Castillo suggests that the Sendero Luminoso likely researched his voting history and inferred from the dates on which he voted that he supported pro-government parties, but such speculative leaps are not compelled by the record. Further, facts about the Sendero Luminoso's overarching political goals, including the objective evidence of country conditions, are "irrelevant" because our focus is "the *victim's* political opinion, not the persecutor's." *INS v. Elias-Zacarias*, 502 U.S. 478, 481–82 (1992).

As in *Cruz-Navarro* where the petitioner, an active-duty police officer, was

2

called "policeman" and "informer" by Sendero Luminoso assailants, the evidence here does not "impl[y] that the guerillas believed [Reyes-Castillo] to hold political beliefs contrary to their own, much less that they attacked him because of such beliefs." *Cruz-Navarro*, 232 F.3d. at 1030. To "regard[] [Reyes-Castillo] as an informant . . . is not akin to imputing a political belief to him." *Id.*; *see also Sanjaa v. Sessions*, 863 F.3d 1161, 1163–65 (9th Cir. 2017) (finding no imputed political opinion where a police officer was beaten and threatened because of his role in a drug investigation).

## II

Substantial evidence supports the BIA's determination that Reyes-Castillo did not show that he was or will be persecuted based on his membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A). To be cognizable, a proposed group must be "defined with particularity" and "socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

On the record here, including the objective-country-conditions evidence, Reyes-Castillo has not shown his proposed group consisting of informants to be particular or distinct. First, the group's membership is amorphous and unascertainable since there need not be record documentation of who has informed

3

to the government. *Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc) ("those who had testified . . . in open court" could be "easily verified—and thus delimited") (emphasis omitted). Second, the group is not recognized by society where Reyes-Castillo did not show evidence that he was called to testify, that he spoke out publicly, or that Peruvian society affords special legal protection to informants. *See Conde Quevedo*, 947 F.3d at 1243–44 ("those who just report criminal activity of gangs to police" was not shown to be socially distinct); *see also Diaz-Torres v. Barr*, 963 F.3d 976, 980–82 (9th Cir. 2020).

III

Because substantial evidence supports the BIA's conclusion that Reyes-Castillo failed to show a nexus to a protected ground, his asylum and withholding claims fail and we need not address other issues related to these claims. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) ("[a] finding of *no* nexus" defeats both asylum and withholding claims).

**PETITION FOR REVIEW DENIED.**

4